UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS,<br><br>          Plaintiff,<br><br>     v.<br><br>A. BREWER,<br><br>          Defendant. | No. 2:22-cv-1765 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I.    INTRODUCTION**

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is defendant Brewer's motion to dismiss with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) on the grounds that plaintiff made untrue allegations of poverty in plaintiff's in forma pauperis application.  (ECF No. 37.)  For the following reasons, this Court recommends that defendant's motion to dismiss be granted.

**II.   LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

        (A) the allegation of poverty is untrue; or

        (B) the action or appeal-

               (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Dismissal under § 1915(e)(2)(A) requires "a showing of bad faith, not merely inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1234 n. 8 (9th Cir. 2015).

In Witkin v. Lee, 2020 WL 2512383, at *3-5 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020), the Court surveyed the relevant cases and summarized the law applicable to dismissals under § 1915(e)(2)(A):

> Courts have not been totally uniform in their application of § 1915(e)(2)(A), but a close reading of the cases applying the statute reveals consistent considerations guiding the courts' analyses. The U.S. Court of Appeals for the Ninth Circuit provided a starting point in Escobedo, 787 F.3d at 1234 n.8, stating that, to dismiss a complaint under § 1915(e)(2)(A), the court must find that the allegation of poverty was not just inaccurate, but made in bad faith. Consistent with that approach, other courts have concluded that, where the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice, for example, revoking IFP and provide a window for the plaintiff to pay the filing fee, or dismissing without prejudice. Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986) [discussing application of former section 28 U.S.C. § 1915(d): "the court may …dismiss the case if the allegation of poverty is untrue…"]; Mahone v. Pierce Cnty., 2014 WL 6997734, at *3-4, (W.D. Wash. Dec. 10, 2014); Jacobsen v. Am. Honda Motor Co., 2010 WL 3118364, [D. Or. Apr. 29, 2010] at *3 (recommending dismissal without prejudice where plaintiff failed to disclose income on IFP application but the evidence did not conclusively show intentional misrepresentation).
>
> Courts that have declined to dismiss an action under § 1915(e)(2)(A) have generally based their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP application, and the absence of a showing of bad faith. Escobedo, 787 F.3d at 1234 n.8 (dismissal not warranted where plaintiff claimed to be paying a certain amount in "rent" despite actually owning her home, because her mortgage payment was equivalent to a payment of rent and plaintiff owned no equity in the home); Camp, 798 F.2d at 438-49 (reversing district court's dismissal where there was no finding [of bad faith] and that plaintiff's inaccuracy foreclosed IFP eligibility); Hammler v. Alvarez, 2019 WL 549627, at *2 (S.D. Cal. Feb. 13, 2019) (dismissal not warranted where plaintiff failed to reveal over $1000 in settlement funds because such funds were immediately and

2

entirely used to pay plaintiff's restitution fines); Ruffin v. Baldwin, 2018 WL 6266652, at *4 (S.D. Ill. Nov. 30, 2018) (dismissal not warranted where plaintiff did not list over $4,000 in settlement funds received in the six months preceding the application because the funds were revealed on the accompanying trust account statement (indicating no intent to conceal them) and because, by the date of the application, plaintiff had spent the money and was thus eligible for in forma pauperis status); Griffin v. Moon, 2016 WL 8678564, at *3 (E.D. Cal. Sept. 23, 2016) (dismissal not warranted where plaintiff had received funds between 8 and 20 years prior to his IFP application and there was no evidence that he currently had such funds).

On the flip side, courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith. Thus, in Kennedy v. Huibregtse, 831 F.3d 441, 442-44 (7th Cir. 2016), the Seventh Circuit affirmed the district court's dismissal with prejudice of a complaint pursuant to § 1915(e)(2)(A) where the plaintiff failed to reveal that he had a trust account outside of prison, managed by a friend, containing about $1400 at the time of the plaintiff's IFP application. The court rejected plaintiff's claim that he did not know the balance of the account at that time and thought it had only about $10, because he spent over $600 from it just before and after the application. Id. at 444. Importantly, the court found that, even if the district court would have granted the plaintiff IFP status if it had known about the trust account,

> hiding assets is not a permissible alternative to seeking the judge's assistance. An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the trust fund in this case) are not dispositive. A litigant can't say, "I know how the judge *should* rule, so I'm entitled to conceal material information from him."

Id. at 443 (emphasis in original).

Similarly, the Seventh Circuit affirmed a dismissal with prejudice under § 1915(e)(2)(A) where the plaintiff had not disclosed a savings account he controlled with a balance of over $32,000 at the time of his IFP application. David v. Wal-Mart Stores, Inc., 669 F. App'x 793 (7th Cir. 2016). The court rejected the plaintiff's explanation that he regarded the account as off-limits because he kept that money for his family in case of financial hardship. Id. at 794. The plaintiff had used funds from the account to pay $600 for a seminar and thus his claim that he could not have used the money for the filing fee was disingenuous. Id. And, as in Kennedy, the court emphasized that the plaintiff must disclose assets to the court and allow the court to assess their availability to him. Id. at 794.

The Second Circuit reached the same conclusion in Vann v. Comm'r of the N.Y.C. Dep't of Corr., 496 F. App'x 113 (2d Cir. 2012),

3

affirming dismissal with prejudice where the plaintiff made false statements and intentionally concealed income on his IFP application. Id. at 114. Plaintiff had omitted about $2,000 of income from the application. Id. at 115-16. The court found irrelevant whether the plaintiff had spent the money before submitting his IFP application, because the statute required him "to accurately and truthfully state his financial history and assets," and he had not done so. Id. at 116. Moreover, the plaintiff was "an experienced litigator with extensive knowledge and familiarity with the in forma pauperis system." Id. This fact supported a finding of bad faith. Id. at 115 ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation.")

In a good number of cases finding bad faith, prisoner-plaintiffs have diverted funds in the period leading up to their IFP application to others, usually family members. In Roberts v. Beard, 2019 WL 3532183 (S.D. Cal. Aug. 2, 2019), the plaintiff had received a $3,000 settlement on October 21, 2014, transferred $2,000 to his sister on the same day, and used the remainder to pay outstanding court filing fees. Id. at *[2]. On April 14, 2015, the plaintiff submitted an IFP application indicating that he had not received any money from any other sources in the prior twelve months. Id. When the defendants sought dismissal under § 1915(e)(A)(2), the plaintiff claimed he had forgotten about the $3,000 settlement, had not benefitted from it, and no longer had the money at the time of his application. Id. The court rejected these claims as not credible based on the plaintiff's extensive litigation history and familiarity with the IFP process. Id. at *[4] (quoting Vann).

In Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463 (S.D.N.Y. 2004), the plaintiff sought IFP status on October 27, 1998, despite accepting settlement offers in two other cases totaling $13,500 in the prior three weeks. Id. at 464-65. She stated on her IFP application that she had enough money in an account in the community to pay the fee, but could not access the money because prison officials were not allowing her to receive checks. Id. at 464. She did not disclose the settlements. While her IFP application was pending, she asked that the settlement checks be sent to her mother, and they were. Id. at 465. At the same time, the plaintiff prohibited prison officials from receiving checks on her behalf. Id. She did not disclose to the court that she had herself created the barrier keeping checks out of her prison account. Id. at 466. The court found that plaintiff, who had obtained IFP status in 15 other suits, had diverted the funds to her mother's address to perpetuate a negative balance in her prison account while misrepresenting to the court that circumstances beyond her control made it unfeasible to have money deposited there. Id. at 468-69. This manipulation of the IFP system, especially in combination with similar conduct by the plaintiff in other cases, justified dismissal of her case with prejudice. Id. at 468-69.

In Richmond v. Housewright, 101 F.R.D. 758 (D. Nev. 1984), the plaintiff did not reveal $2,100 in income he had received during the 12 months preceding his IFP application for work performed as an inmate law clerk and paid directly to the plaintiff's fiancée. Finding

4

that the plaintiff had "deliberately lied," the court dismissed the case. Id. at 759.

Witkin, 2020 WL 2512383, at *3-5.

### III. BACKGROUND

On August 28, 2019, while incarcerated, plaintiff filed his original complaint against defendant Brewer, among other defendants, in his complaint filed in Owens v. Banuelos, 2:19-cv-01683 MCE DMC P.[1]  (See 2:19-cv-01683 at ECF No. 1)  In his application to proceed in forma pauperis filed on October 7, 2019 in case no. 2:19-cv-01683, plaintiff stated that he received $15,000 from a settlement in case no. 2:16-cv-00273 on or around June 27, 2018.  (Id. at ECF No. 7 at 1.)  Plaintiff also provided a prison trust account statement reflecting that as of August 7, 2019, his balance was $2,362.26.  (Id. at ECF No. 7 at 5.)  Plaintiff's trust account statement included plaintiff's trust account balance from March 1, 2019 to August 7, 2019.  (Id. at ECF No. 7 at 4-5.)  Plaintiff's trust account statement did not reflect a deposit of the settlement money from case no. 2:16-cv-00273.  (Id. at ECF No. 7 at 4-5.)  On February 19, 2020, in case no. 2:19-cv-01683, the Court denied plaintiff's application to proceed in forma pauperis based on the amount of money in plaintiff's prison trust account statement.  (Id. at ECF Nos. 10, 15.)  On April 28 2020, in case no. 2:19-cv-01683, plaintiff paid the filing fee.

On October 6, 2022, in case no. 2:19-cv-01683, the Court found that the claims against defendant Brewer were misjoined and directed the Clerk of the Court to open a new action for the claims against defendant Brewer.  (Id. at ECF No. 62.)  On October 1, 2022, the Clerk of the Court opened the instant action based on the October 6, 2022 order filed in case no. 2:19-cv-01683.[2]  (ECF No. 1.)  When the instant action was opened, plaintiff was no longer incarcerated.

On October 17, 2022, in the instant action, the Court ordered plaintiff to pay the filing fee or file an application to proceed in forma pauperis.[3]  (ECF No. 3.)  On November 10, 2022,

---

[1] This Court takes judicial notice of the court record in case no. 2:19-cv-01683.  Fed. R. Evid. 201.
[2] While the court record reflects that the complaint in the instant action was filed on October 1, 2022, the Clerk of the Court entered the recording of the filing of the complaint on October 6, 2022.
[3] This Court observes that in cases where in forma pauperis status was granted in the original

5

plaintiff filed a verified application to proceed in forma pauperis in the instant action. (ECF No. 5.) Plaintiff signed his application on October 31, 2022. (Id. at 2.) Plaintiff's application to proceed in forma pauperis contained a section asking plaintiff to identify income he received from various categories, including "any source," in the past twelve months. (Id. at 1.) The only income plaintiff identified in this section of the application was $285 from food stamps that he received once per month. (Id.)

On November 23, 2021, plaintiff signed a settlement agreement in another action filed in this court, Owens v. Matthews, 2:16-cv-2750 JAM KJN P, settling this case for $50,000. (ECF No. 37-4 at 2, 5.) Plaintiff's inmate trust account statement indicates that the $50,000 was deposited into plaintiff's prison trust account on February 24, 2022. (Id. at 21.) Plaintiff's inmate trust account was closed on April 25, 2022, apparently following plaintiff's release from prison. (Id. at 26.) During a May 18, 2022 telephone call with Deputy Attorney General Duggan, plaintiff confirmed that he received the settlement payment associated with case no. 2:16-cv-2750 JAM KJN P. (ECF No. 37-5 (declaration of Deputy Attorney General Duggan)).

## IV.  DISCUSSION

### A. 28 U.S.C. § 1915(g)'s Application to Non-Prisoners

At the outset, this Court addresses plaintiff's argument that 28 U.S.C. § 1915(e)(2)(A) applies only to prisoners, and because plaintiff was not a prisoner when he filed this action, it does not apply to him. In support of this argument, plaintiff cites Talamantes v. Leyva, 575 F.3d 1021, 1023-24 (9th Cir. 2009). In Talamantes, the Ninth Circuit held that individuals who are prisoners at the time they file suit must comply with the exhaustion requirements of 28 U.S.C. § 1997e(a). See Talamantes, 575 F.3d at 1024. The Ninth Circuit in Talamantes did not hold that 28 U.S.C. § 1915(e)(2)(A) applies only to prisoners.

Section 1915(e) applies to all "in forma pauperis complaints," filed by both prisoners and

---

action, the general practice appears to be to waive the filing fee for the severed action. See e.g., Cortinas v. Colvin, 2024 WL 115766, at *1 (E.D. Cal. Jan. 10, 2024) (waiving filing fee for severed action). As discussed above, plaintiff was not granted in forma pauperis status in the original action, i.e., case no. 2:19-cv-01683. For that reason, the filing fee for the instant action was not waived.

non-prisoners. See Lopez v. Smith, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000); see also Wagner v. Indiana, 2018 WL 2017760, at *1 (M.D. Fla. May 1, 2018) (applying 28 U.S.C. § 1915(e)(2)(A) to non-prisoner); David v. Wal-Mart Stores, Inc., 2016 WL 2344576, at *1-2 (N.D. Ill. May 4, 2016) (applying 28 U.S.C. 1915(e)(2)(A) to non-prisoner). Accordingly, this Court finds that plaintiff's argument that Section 1915(e)(2)(A) does not apply to him is without merit.

### B. Plaintiff's Allegation of Poverty Was Untrue

Defendant Brewer argues that plaintiff's allegation of poverty in his in forma pauperis application was untrue. Defendant argues that despite stating under oath on his application to proceed in forma pauperis that he had not received any income within twelve months of the application, plaintiff received $50,000 in settlement income and had access to those funds. Defendant argues that plaintiff knowingly failed to report the $50,000 in settlement income he received on February 24, 2022 in his application to proceed in forma pauperis, signed by plaintiff on October 21, 2022.

The record reflects that at the time plaintiff filed his in forma pauperis application on November 10, 2022, plaintiff failed to report the $50,000 in settlement income associated with case no. 2:16-cv-2750 JAM KJN P he received on February 24, 2022. As discussed above, the in forma pauperis application clearly directed plaintiff to report income from any source plaintiff received the previous year. Based on these circumstances, this Court finds that plaintiff's allegation of poverty made in his in forma pauperis application was untrue.

In his opposition, plaintiff argues that he requested in forma pauperis status because he could not make the full filing fee payment at the time. (ECF No. 41 at 4-5.) Plaintiff argues that when he was released from prison, he was not initially employed and still had to provide basic necessities for himself, such as clothing, bedding, clean water, sanitation, food, living space, etc. (Id. at 4.) Regardless of whether plaintiff had access to any of the $50,000 settlement proceeds from case no. 2:16-cv-2750 at the time he filed his in forma pauperis application, plaintiff was still required to report the $50,000 settlement proceeds in his in forma pauperis application. See Kennedy v. Huibregtse, 831 F.3d 441, 443 (7th Cir. 2016) ("An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the trust fund in this case) are not

1  dispositive.  A litigant can't say, "I know how the judge *should* rule, so I'm entitled to conceal
2  material information from him.") (emphasis in original); Witkin v. Sloan, 2019 WL 6918216, at
3  *5 (E.D. Cal. Dec. 19, 2019), findings and recommendations adopted, 2020 WL 2193608 (E.D.
4  Cal. May 6, 2020) ("Instead, the court agrees with the Seventh and Second Circuits (and other
5  cases discussed above)—the plaintiff must honestly disclose all income, including income the
6  plaintiff has chosen to spend on loan repayment or whatever else, and allow the court to make the
7  [in forma pauperis] determination based on all of the facts.").  Accordingly, for the reasons
8  discussed above, this Court finds that plaintiff's allegation of poverty in his in forma pauperis
9  application was untrue.

### C. Plaintiff Acted in Bad Faith

11  Defendants argue that this action should be dismissed because plaintiff's allegation of
12  poverty was made in bad faith.  Defendants argue that plaintiff knew he needed to provide his
13  settlement income information as part of his in forma pauperis application, just as he did in his in
14  forma pauperis application filed in Owens v. Banuelos, 2:19-cv-01683 MCE DMC P (E.D. Cal.).
15  Defendants argue that plaintiff is an experienced litigator with extensive knowledge and
16  familiarity with the in forma pauperis system, having filed multiple in forma pauperis
17  applications and settling several cases.  Defendants argue that given the knowingly deceptive in
18  forma pauperis application, plaintiff's actions support a finding of bad faith.

19  For the following reasons, this Court finds that plaintiff's in forma pauperis application
20  was filed in bad faith.  Plaintiff is an experienced litigator, as reflected by his previous litigation
21  of case nos. 2:16-cv-0273, 2:16-cv-2750 and 2:19-cv-1683.  As discussed above, plaintiff
22  previously disclosed $15,000 settlement proceeds in his in forma pauperis application filed in
23  case no. 2:16-cv-0273.  These circumstances demonstrate that plaintiff knew of the requirement
24  to report the $50,000 settlement proceeds from case no. 2:16-cv-2750 in his in forma pauperis
25  application filed in the instant action.  This Court also finds that plaintiff failed to explain why he
26  could not access any of the $50,000 settlement proceeds to pay the filing fee for the instant action.
27  Plaintiff's claim in his opposition that he could not afford to pay the filing fee because he had to
28  pay for basic necessities does not adequately address why he could not access any of the $50,000

8

settlement proceeds to pay the filing fee.  For all of these reasons, this Court finds that plaintiff's failure to report the $50,000 settlement proceeds was more than a technical inaccuracy.  The Court concludes that Plaintiff's in forma pauperis application was filed in bad faith.  See Vann, 496 Fed. Appx. at 116 ("Given the falsity of Vann's application and his declarations, Vann's bad faith in this case evidenced by his litigation experience and extensive familiarity of the in forma pauperis process, and Vann's failure to credibly explain or correct his declarations when given an opportunity to do so, the District Court was well within its discretion to dismiss Vann's complaint with prejudice."); see also Jackson v. Pfeiffer, 2024 WL 519742, at *4-5 (E.D. Cal. Feb. 9, 2024), findings and recommendations adopted, 2024 WL 1932164 (E.D. Cal. May 2, 2024) (plaintiff's failure to disclose settlement funds, which would have enabled plaintiff to pay the filing fee, found to be in bad faith pursuant to 28 U.S.C. § 1915(e)(2)).

In his opposition, plaintiff makes additional arguments in support of his claim that he did not file his in forma pauperis application in bad faith.  Plaintiff argues that Magistrate Judge Kendall J. Newman, who was assigned to the instant action at the time plaintiff filed his application to proceed in forma pauperis, would have had personal knowledge of plaintiff's settlement in case no. 2:16-cv-2750 JAM KJN P.  (ECF No. 41 at 4.)  Plaintiff is correct that Magistrate Judge Newman presided over the settlement conference conducted in 2:16-cv-2750 JAM KJN P on November 17, 2021.[4]  (See 2:16-cv-2750 JAM KJN P at ECF No. 248.) However, the fact that Magistrate Judge Newman presided over the settlement conference in case no. 2:16-cv-2750 JAM KJN P on November 17, 2021, does not excuse plaintiff's failure to report his $50,000 proceeds from this settlement on the application to proceed in forma pauperis filed in the instant action on November 10, 2022.[5]

Plaintiff also argues that he may have been slightly confused at the time he filed his in forma pauperis application because "cases were being separated and adjusted, and multiple IFP's were filed during this time." (ECF No. 41 at 5.)  As discussed above, plaintiff is an experienced

---

[4] This Court takes judicial notice of the court record in case no. 2:16-cv-2750 JAM KJN P.  Fed. R. Evid. 201.

[5] Magistrate Judges in the United States District Court for the Eastern District of California handle a large volume of cases filed by prisoners and non-prisoner pro se litigants.

9

1  litigator. For this reason, this Court is not persuaded by plaintiff's argument that plaintiff failed
2  to report the $50,000 income from the settlement in case no. 2:16-cv-2750 JAM KJN P in his
3  application to proceed in forma pauperis due to confusion caused by the litigation of multiple
4  actions. This argument also appears to contradict plaintiff's claim that he failed to report the
5  $50,000 settlement money because he could not afford to pay the filing fee.

6  Plaintiff also argues that he had to use a "regular citizen form" to file his application to
7  proceed in forma pauperis. (Id. at 5.) Plaintiff argues that he was not familiar with the "regular
8  citizen form" because he had previously filed his applications to proceed in forma pauperis on
9  forms for prisoners. (Id.) Plaintiff's application to proceed in forma pauperis clearly asked
10 plaintiff to identify all income he received in the past 12 months. (ECF No. 5 at 1.) For this
11 reason, this Court is not persuaded by plaintiff's argument that he did not understand the "regular
12 citizen form." This argument also appears to contradict plaintiff's claim that he failed to report
13 the $50,000 settlement money because he could not afford to pay the filing fee.

14 **D. Conclusion**

15 For the reasons discussed above, this Court finds that plaintiff made untrue allegations of
16 poverty in his application to proceed in forma pauperis and acted in bad faith by failing to report
17 his $50,000 income from the settlement in case no. 2:16-cv-2750 JAM KJN P in his application
18 to proceed in forma pauperis. For this reason, this Court recommends that defendant's motion to
19 dismiss with prejudice be granted.

20 Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district
21 judge to this action; and

22 IT IS HEREBY RECOMMENDED that defendant's motion to dismiss with prejudice
23 (ECF No. 37) be granted.

24 These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
26 after being served with these findings and recommendations, any party may file written
27 objections with the court and serve a copy on all parties. Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1 | objections shall be filed and served within fourteen days after service of the objections. The
2 | parties are advised that failure to file objections within the specified time may waive the right to
3 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ow1765.mot/2